DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| United States of America, | ) | CASE NO. 1:06 CR 368 |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | <u>MEMORANDUM OPINION</u> |
| v. | ) | <u>ANALYZING THE SENTENCING</u> |
|  | ) | <u>FACTORS SET FORTH IN 18 U.S.C.</u> |
| Regina M. Thornton, | ) | <u>SECTION 3553(a)</u> |
|  | ) |  |
| Defendant. | ) |  |

<u>I. Introduction</u>

The Court conducted the sentencing hearing of the defendant Regina M. Thornton.  The Court determined that the defendant's total offense level was 16 with a criminal history category of I calling for a sentencing range under the advisory sentencing guidelines of 21 to 27 months. At the conclusion of the sentencing hearing, the Court concluded that it should vary downward two offense levels to a sentencing range of 15 to 21 months and sentenced the defendant to confinement for a period of 15 months with supervised release for a period of three years plus an order of restitution in the sum of $189,185.77.

<u>II.  The Analysis Required by 18 U.S.C. § 3553(a)</u>

The Court sets forth its analysis of the sentencing factors required by *Booker* and the statutory guidance provided by 18 U.S.C. §3553(a) as follows:

**(a)  Factors to be considered in imposing a sentence.**

(1:06 CR 368)

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider -

**(1)  The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

From on or about October 213, 2003, through on or about January 31, 2005, Regina Thornton, was employed in the Claims Department of Electrolux in Cleveland, Ohio.  During the time period alleged, Thornton executed a scheme whereby she created false and fraudulent claims which reflected an individual's name, the type of damage and an amount of damage.  These fraudulent claims cause Electrolux to issue unauthorized checks as payment for those claims.

Nyegran aided and abetted Thornton by providing individuals' names to Thornton for the fraudulent claims.  Nyegran also assisted Thornton by receiving a number of the unauthorized checks from Thornton and causing them to be negotiated, at all times knowing full well that the subject checks were not legitimate.

From on or about October 23, 2003, through on or about January 31, 2005, Thornton caused Electrolux to issue 33 unauthorized checks for fraudulent claims totaling approximately $189,185.77.  Nyegran aided and abetted Thornton in negotiating about 15 of those checks totaling approximately $89,100.20.

Upon issuance of each unauthorized check, an electronic wire communication was transmitted from Electrolux in Cleveland, Ohio, which notified Bank One in Chicago, Illinois, that the particular check would soon be presented to the bank for payment.

On or about January 31, 2005, for the purpose of executing said scheme and artifice, the defendant, Regina Thornton, cause to be transferred by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds, to wit the last of the wire communications from Electrolux, Cleveland, Ohio, to Bank One, Chicago, Illinois, concerning the issuance of check

2

(1:06 CR 368)

> number 00091279 in the amount of $5,780,87.  As a result of the
> defendant's fraudulent conduct, which affected a financial
> institution, Electrolux was defrauded and sustained a loss totaling
> approximately $189,185.77.

The defendant is 45 years of age and the mother of two adult children. She has no prior
criminal record.  Her husband died in 1998 and she was left to raise the two children.  She
currently resides with one of her daughters in Bonita Springs, Florida.  She is currently
employed as a purchasing assistant and earning nearly $17 per hour.  She has no issues with drug
or alcohol abuse.

The defendant's acceptance of responsibility is set forth in paragraph 12 of the
presentence report as follows:

> The defendant submitted a written statement describing her actions
> in this case.  She also stated why she took the money and some of
> the things she did with the money.  Ms. Thornton stated that what
> she did was wrong and that she learned a valuable lesson.  It is not
> right to cheat or steal.  She is truly sorry for what she did and the
> example she showed her friends and children.

**(2)  The Need for the Sentence Imposed**

> **(A) to reflect the seriousness of the offense, to promote respect
> for the law, and to provide just punishment for the offense;**

The massive nature of the fraud requires a period of incarceration to promote respect for
the law, to the reflect the seriousness of the offense and to provide just punishment for the
offense.

> **(B)  to afford adequate deterrence to criminal conduct;**

There are constant temptations to people in the business world to engage in fraud because
of perceived needs for more money to accommodate what is believed to be a necessary lifestyle.

3

(1:06 CR 368)

In that situation, incarceration is mandated to afford adequate deterrence to criminal conduct.  In this case, the Court received a letter from the defendant's daughter which stated in part as follows:

> If she does go to prison now, then it will only go to prove that life truly is unfair and you can do the right thing forever and live miserable and eventually die miserable.  If she had the money to pay them back, this day would never happen, and if she had married for money, I would not be here to write this.  There are a lot of ifs in life, but one thing that is that isn't an if, and that is, she is truly sorry.  I know she knew it was the wrong thing to do.  It was, but if she is incarcerated, it will only make her life situation truly a hell, a hell she has only known since was born.

Such a position reflects an absolute state of denial about the criminal conduct of the daughter's mother.  A sentence of imprisonment is necessary to afford adequate deterrence to criminal conduct.  In this case, given the defendant's age, the absence of a criminal record, her acceptance of responsibility and her potential for making significant restitution, supports, in the Court's view, a downward variation of two levels and a sentence of confinement for a period of 15 months.

**(C)  to protect the public from further crimes of the defendant;**

The Court is of the view that the sentence of 15 months will protect the public from further crimes of the defendant, now age 45 and with no prior criminal record.

**(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;**

The Court is of the view that the defendant does not need additional education or vocational training, medical care of other correctional treatment.  Hopefully, she will use her

4

(1:06 CR 368)

time in prison to assist the prison authorities in providing educational opportunities to other

inmates.

IV.  Conclusion

For the reasons set forth herein, a sentence of 15 months with supervised release for three

years and an order of restitution, is a sentence sufficient, but not greater than necessary, to

comply with the purposes of 18 U.S.C. § 3553(a)(2).


IT IS SO ORDERED.


  December 12, 2006                              */s/ David D. Dowd, Jr.*
Date                                            David D. Dowd, Jr.
                                                U.S. District Judge

5